PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1998 Ford Mustang struck a hole while claimant Valerie Smith was traveling on Jordan Creek Road in Kanawha County. Jordan Creek Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 3:00 p.m. on July 4,2005, a sunny day. Jordan Creek Road is a two-lane highway at the area of the incident involved in this claim. Claimant Valerie Smith testified that she was driving on Jordan Creek Road when her vehicle struck a hole in the road that she had not seen. Mrs. Smith stated that the hole was about ten inches long and five to six inches deep. Claimants’ vehicle struck the hole sustaining damage to passenger side tires and rims. Claimants’ vehicle sustained damage totaling $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Jordan Creek Road at the site of the claimant’s accident for the date in question.
David Fisher, Highway Administrator for the respondent in Kanawha County, testified that he had no knowledge of any holes on Jordan Creek Road for the date in question or the days immediately prior. Respondent maintains that it had no actual or constructive notice of any holes on Jordan Creek Road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of the year in which the incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $500.00.
*71 Award of S500.00.